**650**

Lack of Personal Jurisdiction, the plaintiff has the burden of showing that the court's exercise of jurisdiction is proper. *State ex rel. William Ranni Associates, Inc. v. Hartenbach*, 742 S.W.2d 134, 137 (Mo. banc 1987). Where the motion is made on matters not appearing of record, the court may hear the matter on affidavits presented by the respective parties, or it may direct that the matter be heard wholly or partly on oral testimony or deposition. *State ex rel. Harmon v. Scott*, 820 S.W.2d 101, 103 (Mo.App. 1991), (quoting *Medicine Shoppe Int'l, Inc. v. J–Pral Corp.*, 662 S.W.2d 263, 268 (Mo.App. 1983)). Where affidavits are presented, the court may believe or disbelieve the statements made in the affidavits. *Id.* Such factual determinations are left to the sound discretion of the trial court. *Parmer v. Bean*, 636 S.W.2d 691, 694 (Mo.App.1982).

▪ In entering its order of dismissal, the trial court did not address the question of whether or not a partnership existed between Lee, Kevin, and Frank McMaster when Lee McMaster agreed to a 50/50 fee split. Rather, the court found that the contract between Lee McMaster and Shirkey was made in Kansas. Therefore, even if there was a partnership, the respondents herein were not subject to personal jurisdiction for having made a contract in Missouri.[3]

Shirkey had the burden of proof on the motion. He had to show the contract was made in Missouri. He also had to show sufficient minimum contacts to satisfy constitutional requirements. This was not an easy burden to overcome, because it was undisputed that Shirkey was the one "shopping" the proposal to Kansas attorneys.

The record is sufficient to support the court's determination that the contract in question was made in Kansas and, therefore, did not subject the respondents to personal jurisdiction in Missouri. It is undisputed that Shirkey contacted Lee McMaster in Kansas and asked him to act as local counsel in the case. Furthermore, Shirkey had earli-

er contacted another attorney in Kansas, but did not reach an agreement with that attorney because the other attorney was not willing to accept Shirkey's insistence on a 50/50 fee split. There was also evidence before the court that Shirkey represented that he was the one who negotiated the 50/50 fee split.

The record supports the conclusion that when Shirkey located an attorney who would agree to the proposed fee split, the contract was made. Shirkey was the offeror regardless of the exact sequence of events in his initial conversation with Lee McMaster. The record reflects that Lee McMaster was the "buyer" and not the "seller."

It is reasonable to infer from the record that Lee McMaster was the one who accepted Shirkey's offer of a 50/50 fee split. The trial court did not abuse its discretion in deciding this question of fact. Having found that the contract was accepted by Lee McMaster in Kansas, the trial court did not err in dismissing this petition for lack of personal jurisdiction.

Judgment affirmed.

All concur.

**B.L.E., Respondent,**

v.

**V.A.E., Appellant.**

**No. WD 47624.**

Missouri Court of Appeals,
Western District.

March 8, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 3, 1994.

Application to Transfer Denied
June 21, 1994.

---

3. A letter was presented to the court from Lee McMaster wherein he represented that he was a partner of Kevin and Frank McMaster when he agreed to the 50/50 split with Shirkey. Kevin and Frank McMaster deny that they were partners with Lee McMaster at that time. However, since we affirm the judgment of the trial court, the question of whether there was a partnership in existence between Lee, Kevin, and Frank McMaster at the time Lee McMaster agreed to a 50/50 fee split with Shirkey need not be considered by this opinion.

Kenneth C. Hensley, Raymore, for appellant.

Randall W. Shackelford, Lexington, for respondent.

Before ULRICH, P.J., and BRECKENRIDGE and SPINDEN, JJ.

**ORDER**

PER CURIAM.

V.A.E. appeals the trial court's denial of her motion to modify custody of her daughter. We affirm. Rule 84.16(b).

Russell C. Still, Columbia, for appellant.

Roland P. Walker, Columbia, for respondents.

Before ULRICH, P.J., and BRECKENRIDGE and SPINDEN, JJ.

ORDER

PER CURIAM.

Loren McGuire appeals from the Labor and Industrial Relations Commission's final award finding him 40 percent permanently disabled and denying his claim for permanent, total disability benefits from the Second Injury Fund. We affirm the judgment. Rule 84.16(b).

Loren McGUIRE, Appellant,

v.

ASSOCIATED ELECTRIC COOPERATIVE, Continental Casualty Company, and Treasurer of Missouri as custodian of Second Injury Fund, Respondents.

No. WD 48391.

Missouri Court of Appeals, Western District.

March 8, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 3, 1994.

Application to Transfer Denied June 21, 1994.

In the Interest of C.B., (A Juvenile).

Geoffrey ALLEN, Juvenile Officer, Respondents,

v.

B.S., Appellant.

No. WD 47822.

Missouri Court of Appeals, Western District.

March 15, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 3, 1994.

Application to Transfer Denied June 21, 1994.